IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HENRY MATOZA,

        Plaintiff,

    v.

THOR INDUSTRIES, INC., et al.,

        Defendants.

Case No. 17-cv-01971-MMC

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT AUTOMOBILE PROTECTION CORPORATION'S MOTION TO DISMISS; VACATING HEARING**

Re: Dkt. No. 22

Before the Court is defendant Automobile Protection Corporation's ("APCO") motion, filed May 16, 2017, to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[1] plaintiff Henry Matoza's ("Matoza") claims against APCO, in light of what APCO contends is a binding arbitration provision. Matoza has filed opposition, to which APCO has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 14, 2017, and rules as follows.

In his complaint, filed April 10, 2017, Matoza names both APCO and defendant Thor Industries, Inc.[2] as the collective "manufacturer" from whom Matoza alleges he purchased a "recreational vehicle" ("RV") on "or about March 9, 2013." (See Compl. ¶¶ 2,

---

[1] Although the motion is silent as to the statutory authority on which it is based, the reply makes clear the motion is brought under Rule 12(b)(6). (See Reply at 5:10-17 (citing "Rule 12(b)(6)" and stating "there is no claim upon which relief can be granted against APCO").)

[2] On May 31, 2017, Matoza voluntarily dismissed Thor Motor Coach, Inc. and Ford Motor Company, the two other defendants named in the complaint.

United States District Court
Northern District of California

15.)  Matoza alleges he also purchased an "extended warranty . . . entitled 'Easy Care

Extended Service Contract'" (hereinafter, "VSC") that "covered all major operating,

mechanical components within the RV for 84 months" (see id. ¶16) and further alleges

defendants have "failed to repair, replace or repurchase the RV as required by law" (see

id. ¶ 25).  Based thereon, Matoza asserts, against all defendants, four state law claims.

In its motion to dismiss, APCO argues Matoza's claims against it are subject to

binding arbitration under the VSC Matoza purchased with the RV.  In support thereof,

APCO submits two exhibits and a declaration from an APCO employee, John Blank

("Blank"), who states the first of the two exhibits, Exhibit A, is "a true and correct copy of

the first page of the [VSC] pertaining to [Matoza]" (see Blank Decl. ¶ 2) and the second,

Exhibit B, is "the full version of the [VSC] provided to [Matoza] for his signature" (see id.

¶ 3).[3]  The arbitration provision on which APCO's motion is based is set forth in full in

Exhibit B, which exhibit, Matoza contends in his opposition, is an "unauthenticated"

document that Matoza "neither saw nor executed."  (See Opp. at 4:16, 5:9-10.)[4]

Ordinarily, a district court cannot resolve on a motion to dismiss an evidentiary

dispute such as that presented here.  See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir.

2006) (noting district court reviewing motion to dismiss under Rule 12(b)(6) is generally

"limited to the contents of the complaint").  Although a district court may, as APCO points

out, consider other evidence if: "(1) the complaint refers to the document; (2) the

document is central to the plaintiff's claim; and (3) no party questions the authenticity of

the copy attached to the 12(b)(6) motion," see id., here, as noted, Matoza explicitly

questions the authenticity of Exhibit B, which challenge prevents the Court from

---

[3] According to APCO, it is "solely the administrator" of the VSC, which Matoza entered into "with nonparty Warranty Support Services LLC" ("Warranty Support") (see Mot. at 1:11-16), and "[w]hen a customer like [Matoza] signs a [VSC], APCO receives only the first page" from Warranty Support (see Blank Decl. ¶ 3).

[4] Exhibit A, which Matoza did sign, states immediately above that signature, "This Contract contains an arbitration provision (See Section 'I. Arbitration Provision')."  (See Blank Decl. Ex. A.)

considering, in the context of the instant motion, the arbitration provision set forth therein.

In any event, as pointed out by Matoza, the proper procedure by which to bring a challenge of this nature is the filing of a petition to compel arbitration. <u>See</u> 9 U.S.C. § 4 (providing procedure to obtain "order directing the parties to proceed to arbitration"; further providing "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof"); <u>see</u> <u>also</u> <u>Tillman v. Tillman</u>, 825 F.3d 1069, 1075 (9th Cir. 2016) (holding Federal Arbitration Act "provides that district courts must . . . compel arbitration in the event of a party's 'failure, neglect, or refusal' to arbitrate") (quoting 9 U.S.C. § 4)).

Accordingly, for the reasons set forth above, APCO's motion is hereby DENIED without prejudice to APCO's filing a petition to compel arbitration.

**IT IS SO ORDERED.**

Dated: June 28, 2017

MAXINE M. CHESNEY
United States District Judge