IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY MATOZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOR INDUSTRIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-01971-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; VACATING HEARING**<br><br>Re: Dkt. No. 39 |

Before the Court is plaintiff Henry Matoza's ("Matoza") motion, filed June 2, 2017, for leave to file a proposed First Amended Complaint ("FAC") pursuant to Rule 15 of the Federal Rules of Civil Procedure. On June 6, 2017, defendant Thor Industries, Inc. ("Thor") filed a statement of non-opposition. The only other remaining defendant, Automobile Protection Corporation ("APCO"),[1] has not filed a response. Having considered the papers filed in support of the motion, as well as Thor's statement of non-opposition thereto, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 28, 2017, and rules as follows.

Under Rule 15(a), "[a] party may amend its pleading once as a matter of course" within "21 days after serving it" or, "if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading." See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend "only with the opposing party's written consent

---

[1] On May 31, 2017, Matoza voluntarily dismissed defendants Thor Motor Coach, Inc. and Ford Motor Company.

or the court's leave." See Fed. R. Civ. P. 15(a)(2). Because Matoza's motion was filed more than 21 days after he was served with a responsive pleading (see Def. APCO's Mot. Dismiss, filed May 5, 2017) and he has not procured the written consent of both defendants, he cannot file his proposed FAC absent court approval.

Under Rule 15, the court should "freely give" leave to amend "when justice so requires." See Fed. R. Civ. P. 15(a)(2). In determining whether to allow an amended pleading, a district court considers four factors: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987).

In this instance, Matoza seeks to amend his complaint in order to "drop two defendants," name "five . . . DOE defendants," and "conform[] the complaint to new facts that have emerged in [his] case." (See Pl.'s Mot., filed June 2, 2017, at 1:22-2:1.)

As Thor does not oppose the proposed amendments and APCO has neither filed an opposition nor otherwise asserted any potential for undue prejudice, the Court, given the nature of the amendments and the early stage of the proceedings, finds it appropriate to grant the motion. See Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973) ("Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint.")

Accordingly, Matoza's motion is hereby GRANTED. Matoza shall file his FAC no later than July 5, 2017.

**IT IS SO ORDERED.**

Dated: June 28, 2017

MAXINE M. CHESNEY
United States District Judge

2