IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY MATOZA,<br><br>    Plaintiff,<br><br>  v.<br><br>THOR INDUSTRIES, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-01971-MMC<br><br>**ORDER GRANTING DEFENDANTS APCO HOLDINGS, LLC AND ONTARIO TEACHERS' PENSION PLAN BOARD'S MOTIONS TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND**<br><br>Re: Dkt. No. 56, 57 |

Before the Court is defendants APCO Holdings, LLC and Ontario Teachers' Pension Plan Board's (collectively, "Moving Defendants") motion, filed August 7, 2017, to dismiss plaintiff Henry Matoza's ("Matoza") First Amended Complaint ("FAC"), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction. In the alternative, Moving Defendants seek either dismissal, pursuant to Rule 12(b)(6), for failure to state a claim, or an order for a more definite statement, pursuant to Rule 12(e). Matoza has filed opposition, to which Moving Defendants have replied.

    Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for September 15, 2017, and rules as follows.

    "In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." See Ranza v. Nike, 793 F.3d 1059, 1068 (9th Cir. 2015) (internal quotation and citation omitted). Where "the

defendant's motion is based on written materials rather than an evidentiary hearing,"[1] the plaintiff must "make a prima facie showing of jurisdictional facts." See id. (internal quotation and citation omitted). Here, as set forth below, the Court finds Matoza has failed to make the requisite showing.

Matoza's argument with respect to the Court's personal jurisdiction over Moving Defendants is predicated on the theory that Moving Defendants are alter egoes of their subsidiaries, namely, defendants Automobile Corporation ("APCO") and Warranty Support Services, LLC ("WSSL").[2] "The existence of a parent-subsidiary relationship is insufficient[] on its own," however, "to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." See id. at 1070. Although "personal jurisdiction may be established where the parent and subsidiary have an "alter ego relationship," the party asserting such relationship must show the parent and subsidiary "are not really separate entities." See id. at 1071 (internal quotation and citation omitted). "To satisfy the alter ego test, a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." See id. at 1073. As set forth below, the Court agrees with Moving Defendants that neither the allegations in the FAC nor the evidence submitted by Matoza, whether considered separately or in combination, suffices to make the requisite showing.

First, the FAC includes no factual allegations in support of Matoza's conclusory allegation that "all defendants . . . are . . . alter-egoes of all other listed defendants" (see FAC ¶ 11), let alone any factual allegations addressing either prong of the alter ego test, see Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (holding complaint subject to

---

[1] Neither party has requested the Court hold an evidentiary hearing.

[2] To date, neither APCO nor WSSL has raised a challenge based on personal jurisdiction; rather, both have moved to compel arbitration.

dismissal where it lacks "sufficient factual matter" to support its "legal conclusions"); Sandoval v. Ali, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (holding "plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each") (internal quotation and citation omitted).

Next, Matoza's efforts to supplement his allegations are unavailing. In particular, the exhibits on which Matoza relies to show that Moving Defendants are majority owners of APCO and share with APCO and WSSL a common address and some management personnel, even if accepted as evidence of those additional facts, do not suffice to establish an alter ego relationship. See Ranza, 793 F.3d at 1073 (holding "[t]otal ownership and shared management personnel are alone insufficient to establish the requisite level of control" for alter ego test; dismissing complaint where plaintiff presented no evidence constituting "signs of a sham corporate veil").

Accordingly, the Court finds that, to the extent the FAC alleges claims against Moving Defendants, it is subject to dismissal for lack of personal jurisdiction.[3] If Matoza wishes to proceed against Moving Defendants, he shall file, no later than September 26, 2017, a Second Amended Complaint, alleging therein facts sufficient to support a finding of personal jurisdiction over Moving Defendants. Matoza may not, however, add any new parties or claims without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2). If Matoza does not file a Second Amended Complaint within the time provided, the instant action will proceed on the claims in the FAC against the remaining defendants.

**IT IS SO ORDERED.**

Dated: September 6, 2017

MAXINE M. CHESNEY
United States District Judge

---

[3] In light thereof, the Court does not consider herein Moving Defendants' arguments under Rule 12(b)(6) and 12(e).

3