IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HENRY MATOZA,

                Plaintiff,

        v.

THOR INDUSTRIES, INC., et al.,

                Defendants.

Case No. 17-cv-01971-MMC

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 72

Before the Court is plaintiff Henry Matoza's ("Matoza") motion, filed August 17, 2017, and currently noticed for hearing September 29, 2017, by which Matoza seeks, pursuant to Rule 56 of the Federal Rules of Civil Procedure, partial summary judgment against all defendants in the above-titled action. In response, defendants filed the following: (1) defendants Automobile Protection Corporation, Warranty Support Services, LLC, APCO Holdings, LLC, and Ontario Teachers' Pension Plan Board (collectively, "APCO Defendants") filed, on August 30, 2017, an "Ex Parte Application," asking the Court to continue the filing date for their opposition until a point in the proceedings after the Initial Case Management Conference, and (2) defendants Thor Industries, Inc. and Keystone RV Company (collectively, "Thor Defendants"), on August 31, 2017, filed an opposition/request for denial or continuance pursuant to Rule 56(d), by which Thor Defendants ask the Court to deny the motion or, in the alternative, defer ruling until defendants have had an opportunity to conduct discovery. Matoza has not filed a reply.

The Court, having read and considered the parties' respective filings, deems the matters appropriate for determination thereon, VACATES the hearing scheduled for September 29, 2017, and rules as follows.

As defendants point out, Matoza's motion is premature, as the Initial Case Management Conference is not scheduled to be held until November 17, 2017, and no discovery has been conducted.  See Fed. R. Civ. P. 56(d) (providing "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it"); (see, e.g., Barker Decl. ¶¶ 5, 7 (delineating areas of discovery having potential to "raise genuine issues of material fact")).

Accordingly, Thor Defendants' request for denial pursuant to Rule 56(d) is hereby GRANTED, APCO Defendants' application for a continuance is hereby DENIED as moot, and Matoza's motion for partial summary judgment is hereby DENIED without prejudice to refiling at a later stage of the proceedings.

**IT IS SO ORDERED.**

Dated: September 14, 2017

MAXINE M. CHESNEY
United States District Judge