United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY MATOZA,<br>　　　　Plaintiff,<br>　　v.<br>THOR INDUSTRIES, INC., et al.,<br>　　　　Defendants. | Case No. 17-cv-01971-MMC<br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br>Re: Dkt. No. 75 |

Before the Court is plaintiff Henry Matoza's ("Matoza") motion, filed August 20, 2017, pursuant to Rule 11 of the Federal Rules of Civil Procedure, by which Matoza asks the Court to impose sanctions on defendants' counsel Phil John Montoya, Jr. ("Montoya") and his law firm, Hawkins Parnell Thackston & Young LLP.[1] Counsel have filed opposition. Matoza has not filed a reply.

Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination thereon, VACATES the hearing scheduled for September 29, 2017, and, for the reasons set forth below, finds Matoza has not shown the conduct on which he relies is sanctionable.

Matoza contends a declaration and brief submitted by Montoya in support of APCO's and WSSL's motions to compel arbitration were filed in violation of Rule 11(b)(3), which requires an attorney filing a paper with the Court "certif[y] that to the best of [his]

---

[1] Montoya and his firm represent four of the six remaining defendants in the above-titled action, namely, Automobile Protection Corporation ("APCO"), Warranty Support Services, LLC ("WSSL"), APCO Holdings, LLC, and Ontario Teachers' Pension Plan.

knowledge, information, and belief, formed after a reasonable inquiry under the circumstances" that the "factual contentions have evidentiary support" and that the "legal contentions are warranted by existing law." See Fed. R. Civ. P. 11(b)(3). Matoza, however, has failed to show the statements in the declaration he challenges were made without evidentiary support, nor has Matoza shown the case he contends "is fatal to APCO and WSSL's [motions to compel]" and, as such, should have been cited in Montoya's brief (see Mot. at 8:14-15 (citing McGill v. Citibank, N.A., 2 Cal. 5th 945 (2017)), has any bearing on a case where, as here, the arbitration agreement contains no clause purporting to "preclude [Matoza] from seeking public injunctive relief in any forum." See McGill, 2 Cal. 5th at 956 (emphasis omitted).

Accordingly, Matoza's motion for sanctions is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 14, 2017

MAXINE M. CHESNEY
United States District Judge

2